**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN JOSE GRANADOS-RIVAS, | No. 20-71857 |
| Petitioner, | Agency No. A206-699-368 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 20, 2023**
San Francisco, California

Before: SILER,*** WARDLAW, and M. SMITH, Circuit Judges.

Juan Jose Granados-Rivas ("Granados"), proceeding pro se, petitions for

review of an order of the Board of Immigration Appeals ("BIA") affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Relevant here, the IJ found that Granados's testimony lacked credibility, making him ineligible for asylum or withholding from removal, because there were numerous discrepancies between the facts alleged in his application and his testimony regarding his application. Because substantial evidence supports the IJ's adverse credibility determination, we deny Granados's petition for review.

Granados contends that the IJ misapplied our binding precedent regarding what constitutes a cognizable "particular social group" for purposes of asylum and withholding of removal. However, we need not decide this issue because the BIA dismissed Granados's appeal on separate grounds, namely that the IJ's adverse credibility finding was not clearly erroneous. "[O]ur review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000). Thus, we review only whether the agency based its adverse credibility finding on substantial evidence, and we must uphold that finding "unless the evidence compels a contrary result." *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008).

Granados argues that the IJ erroneously discounted the credibility of the claims in his asylum application because his initial application did not provide a "full account" of the facts underlying his claim, which Granados argues he subsequently

expounded on at his hearing. His argument is unavailing. Credibility determinations are made by considering "the totality of the circumstances." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quoting 8 U.S.C. §§ 1158(b)(1)(B)(iii)). Under the Real ID Act, "a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id*. at 1039–40 (quoting 8 U.S.C. §§ 1158(b)(1)(B)(iii)).

Here, substantial evidence supports the IJ's finding that Granados lacked credibility. First, the IJ found his testimony unreliable because he was "evasive and argumentative" while testifying and his "demeanor [] undermined his credibility." Moreover, his testimony regarding his allegation that he was shot at while riding on a bus changed throughout the proceedings. He originally claimed that the shooting happened when he and multiple others exited the bus, but he later changed his story—he testified he knew he was the target of the shooting because it happened when he exited the bus alone. He also omitted from his initial declaration that his mother allegedly had to pay extortion fees to a gang, that the gang was harassing his children, and that his mother ultimately died from the alleged harassment.

3

In the absence of credible testimony, Granados has not met his burden of establishing eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (holding that "eligibility for asylum depends" on a credibility determination). Because his claim for CAT protection is based on the same testimony, he has likewise failed to demonstrate "that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007).

**PETITION DENIED**.